**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DARNELL OWENS,**

**Plaintiff,**

**-against-**

**N.Y.C. DEPARTMENT OF SANITATION ET AL.,**

**Defendants.**

**1:11-cv-08297 (ALC)**

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

*Pro se* Plaintiff Darnell Owens initiated this action in 2011; his case was closed when this Court granted summary judgment to Defendants in 2015. Now before the Court is Plaintiff's fifth motion to reopen his case. For the reasons that follow, Plaintiff's motion is **DENIED.**

## BACKGROUND

On November 15, 2011, Plaintiff brought suit against the New York City Department of Sanitation ("DSNY") and Uniformed Sanitation Men's Association, International Brotherhood of Teamsters Local 831 ("Local 831") alleging gender and race discrimination, retaliation, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964. ECF No. 2. On June 29, 2012, Local 831 filed a motion to dismiss. ECF No. 28. On June 29, 2012, DSNY also filed a motion to dismiss. ECF No. 33. On January 15, 2013, the Court dismissed all claims against Local 831 with prejudice. ECF No. 46. As to DSNY, the Court dismissed Plaintiff's gender discrimination, retaliation, and constructive discharge claims, leaving only the racial discrimination claim. ECF No. 46. DSNY proceeded to move for summary judgment on the

racial discrimination claim. ECF No. 70. On March 6, 2015, this Court granted DSNY's motion for summary judgment. At that point, the Clerk of Court terminated and closed the case. ECF No. 78.

In 2016, Plaintiff filed three Notices of Motion with the Court requesting that the Court "reopen" his case. In the first, received on August 10, 2016, Plaintiff provided no detail regarding the basis of his request, and the Court denied his request. ECF Nos. 80, 81. In the second, received on September 19, 2016, Plaintiff alleged that certain members of his family tried to "steal" his case and assaulted him. ECF No. 84. Because the allegations had no connection to the subject-matter of Plaintiff's case before this Court, the Court denied his request. ECF No. 85. In the third, received on October 4, 2016, Plaintiff alleged that his mother tried to "steal" his case and that he was given false documents reflecting that his case was over in 2014. ECF No. 86. His request further alleged that appearances made in his name after March 2014 were fraudulent. This Court found that Plaintiff had failed to make a showing of "extraordinary circumstances" justifying his requested relief under Federal Rule of Civil Procedure 60(b), and this Court denied his request. ECF No. 87.

Nine years later, Plaintiff filed another series of Notices of Motion to reopen his case. In the first of this series, received on November 12, 2025, Plaintiff alleged that New York City had provided him a settlement offer which his mother had stolen before closing out his accounts. ECF No. 88. Plaintiff further alleged that New York City had put 12.9 years of back pay into his pension, and that he wanted to have this pension re-instated. Because Plaintiff failed to identify how the matter related to the subject-matter of his case before this Court, and on what grounds or for what purpose the case should be reopened, this Court denied his request to reopen the case. ECF No. 92. In a letter received on December 30, 2025, Plaintiff again alleged that New York

City had made him a settlement offer and that his mother had "tried to steal" the settlement from him. ECF No. 93. Plaintiff then made another request to reopen his case, received on January 6, 2026, alleging that his mother had "stop[ped] [his] motion to reopen [his] case." ECF No. 94.

Currently before the Court is Plaintiff's newest series of motions requesting his case be reopened. ECF Nos. 96, 101. In a Notice received on January 28, 2026, Plaintiff again alleged that his mother "tried to steal" and "ruin" a settlement offer from the New York City Law Department. ECF Nos. 96, 97. On April 3, 2026, Plaintiff filed a notice alleging that his mother "made motions" in his case "without [his] knowledge." ECF Nos. 100, 101.

**DISCUSSION**

The Court construes Plaintiff's request to reopen his case to be a motion pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b)(1)-(5) specifies five reasons for a court to relieve a party from judgment; Rule 60(b)(6) operates as a catch-all to cover "any other reason justifying relief[.]" *Simone v. Prudential Ins. Co. of Am.*, 164 F. App'x 39, 40 (2d Cir. 2006). As an initial matter, parties seeking relief under Rule 60(b)(1)-(3) face a 1-year limitation period. F.R.C.P. 60(c)(1). Summary judgment was entered on March 6, 2015, and Plaintiff's first request was received on August 10, 2016. Thus, Plaintiff is time-barred from making a motion under Rule 60(b)(1)-(3).

Based on the nature of Plaintiff's Notices of Motion to reopen his case, Plaintiff has failed to allege any facts establishing the grounds for relief in Rule 60(b)(4)-(5) apply in these circumstances. Therefore, this Court considers Plaintiff's Motion under Rule 60(b)(6)'s catch-all provision. Under Rule 60(b)(6), relief requires a showing of "extraordinary circumstances." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009). A party must provide "highly convincing material" in support of such a motion. *D'Angelo v. State Farm Fire & Cas. Co.*, 32 F.

App'x 604, 605 (2d Cir. 2002).

First, Plaintiff has not offered "highly convincing" evidence to support his allegations that his family members made fraudulent appearances or motions on his behalf in his case before this Court. Plaintiff's conclusory assertion that his mother "made motions" in his case "without [his] knowledge" is not supported by the record; further, Plaintiff has failed to specify which motions, if any, were fraudulent. Thus, his allegation is not sufficient to justify reopening his case under Federal Rule of Civil Procedure 60(b)(6).

Second, Plaintiff has failed to plausibly assert the existence of a settlement offer from the New York City Law Department, nor has Plaintiff demonstrated how such an offer justifies his requested relief under Federal Rule of Civil Procedure 60(b)(6). To the extent that there was a settlement offer in Plaintiff's case before this Court, negotiations failed as Defendants proceeded to move for summary judgment. Further, it is unlikely that a settlement related to this case was offered in 2015, as Plaintiff alleges, because Defendants moved for summary judgment in 2014. ECF Nos. 101, 70. If there was a settlement offer in another case between Plaintiff and New York City, Plaintiff failed to identify how that matter relates to the subject-matter of this case.

Lastly, regarding Plaintiff's reference to a case with the New York City Comptroller, Plaintiff has failed to plausibly demonstrate any relationship between the New York City Comptroller and the subject-matter of his case before this Court. As such, Plaintiff fails to allege circumstances justifying extraordinary circumstances to reopen this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is **DENIED.** The Clerk of Court is respectfully directed to terminate the pending motions at ECF Nos. 96 and 100, keep this case closed, and mail this Opinion to Plaintiff at the most recent address indicated on the docket.

**SO ORDERED.**

**Dated:** **July 16, 2026**
**New York, New York**

Andrew L Carter Jr

**ANDREW L. CARTER, JR.**
**United States District Judge**